IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:10CR308–HEH |
| ) | |
| EDY OLIVEREZ-JIMINEZ, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Edy Oliverez-Jiminez, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 918).[1] Oliverez-Jiminez contends that he experienced ineffective assistance of counsel[2] and prosecutorial misconduct in conjunction with his criminal proceedings. Specifically, Oliverez-Jiminez demands relief because:

| | |
|---|---|
| Claim One: | "Counsel [di]d not help me. Counsel did not talk to people who know what happened like the lady and man I asked him to talk to for my case." (§ 2255 Mot. 4.) |
| Claim Two: | "Prosecutors tell a lot [of] lies. People tell a lot prosecutors ask then and know they lie on me." (*Id.* at 6.) |

---

[1] The Court employs the pagination assigned to Oliverez-Jiminez's submissions by the CM/ECF docketing system. The Court corrects Oliverez-Jiminez's spelling and grammar, when necessary, with the most reasonable words for the context.

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

The Government has responded, asserting that Oliverez-Jiminez's claims should be dismissed because they are vague and conclusory. (ECF No. 922.) For the reasons set forth below, Oliverez-Jiminez's § 2255 Motion (ECF No. 918) will be denied.

## I. PROCEDURAL HISTORY

On November 10, 2010, a grand jury charged Oliverez-Jiminez in a two-count Indictment with one count of conspiracy to produce and transfer false identification documents and possess a document-making implement, and one count of conspiracy to launder money. (Indictment 1–36, ECF No. 3.)[3] On October 5, 2011, a grand jury returned a Fifth Superseding Indictment, charging Oliverez-Jiminez with one count of a racketeering conspiracy (Count One); one count of murder in aid of racketeering activity (Count Two); two counts of kidnapping in aid of racketeering activity (Counts Three and Five); two counts of assault in aid of racketeering (Counts Four and Six); two counts of possession of a firearm in furtherance of a crime of violence (Counts Seven and Eight); one count of conspiracy to possess, produce and transfer false identification documents and possess a document-making implement (Count Nine); and one count of conspiracy to launder money (Count Ten). (Fifth Superseding Indictment 1–38, ECF No. 568.)[4]

---

[3] At that time, Oliverez-Jiminez was referred to as FNU LNU (11), a/k/a "Daniel." (Indictment 2.)

[4] Oliverez-Jiminez was detained after his arrest on the original Indictment. (ECF No. 64.) Shortly thereafter, the Court granted the Government's motion to certify the case as complex under the Speedy Trial Act. (ECF No. 91.) Between the return of the original Indictment and the Fifth Superseding Indictment, the grand jury returned four Superseding Indictments against Oliverez-Jiminez. (ECF Nos. 95, 173, 176, and 537.) The Government also filed a Notice of Intention to Not Seek the Death Penalty against Oliverez-Jiminez for the charge of murder in aid of racketeering. (ECF No. 338, at 2.)

2

After a two-week trial, a jury convicted Oliverez-Jiminez of Counts One, Two, Three, Five, Nine, and Ten of the Fifth Superseding Indictment. (ECF No. 690, at 1–4.) On March 5, 2012, the Court entered judgment against Oliverez-Jiminez and sentenced him to life imprisonment on Count One, a consecutive term of life imprisonment on Count Two, life imprisonment on Counts Three and Five, to be served concurrently, 180 months of imprisonment on Count Nine, to be served concurrently, and 240 months imprisonment on Count Ten, to be served concurrently. (J. 2, ECF No. 800.)

Oliverez-Jiminez, through counsel, filed a Notice of Appeal. (ECF No. 814.) On appeal, Oliverez-Jiminez argued "that there was insufficient evidence tying him to the kidnapping of Pascual Ramos and Adrian Ceja and the murder of Ramos." *United States v. Oliverez-Jiminez*, 508 F. App'x 268, 269 (4th Cir. 2013). Oliverez-Jiminez also argued "that a hearsay statement was improperly admitted as a co-conspirator's statement made in furtherance of the conspiracy." *Id.* The United States Court of Appeals for the Fourth Circuit affirmed Oliverez-Jiminez's convictions. *Id.* at 271.

## II. VAGUE AND CONCLUSORY CLAIMS

The Government contends that Oliverez-Jiminez's claims should be dismissed because they "are barebones and fail to identify any facts or circumstances suggesting a constitutional violation." (Resp. 6.) This Court agrees.

"[A] habeas petition 'is expected to state facts that point to a real possibility of constitutional error.'" *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977)). Therefore, "vague and conclusory

3

allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *Id.* (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)); *see also Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of a § 2255 motion appropriate where it "stated only bald legal conclusions with no supporting factual allegations").

In Claim One, Oliverez-Jiminez states: "Counsel [did] not help me. Counsel did not talk to people who know what happened like the lady and man I asked him to talk to for my case." (§ 2255 Mot. 4.) Oliverez-Jiminez fails to advise the Court "of what an adequate investigation would have revealed or what these witnesses might have said, if they had been called to testify." *Bassette v. Thompson*, 915 F.2d 932, 941 (4th Cir. 1990). Oliverez-Jiminez fails to demonstrate deficiency of counsel or resulting prejudice based on these vague allegations. Accordingly, Claim One is subject to summary dismissal here. *See Sanders*, 373 U.S. at 19; *Dyess*, 730 F.3d at 359.

In Claim Two, Oliverez-Jiminez contends: "Prosecutors tell a lot [of] lies. People tell a lot prosecutors ask then and know they lie on me." (§ 2255 Mot. 6.) The Court generously construes Claim Two as a claim of prosecutorial misconduct. A viable claim of prosecutorial misconduct requires a defendant to demonstrate "that the prosecutor's remarks or conduct were improper and, second, the defendant must show that such remarks or conduct prejudicially affected his substantial rights so as to deprive him of a fair trial." *United States v. Scheetz*, 293 F.3d 175, 185 (4th Cir. 2002) (citing *United States v. Mitchell*, 1 F.3d 235, 240 (4th Cir. 1993)). Oliverez-Jiminez fails to allege any

facts indicating that the prosecutor engaged in misconduct. Once again, because Claim Two is vague and conclusory, Oliverez-Jiminez fails to demonstrate any entitlement to relief. *See Sanders*, 373 U.S. at 19; *Dyess*, 730 F.3d at 359. Accordingly, Claim Two will be dismissed.

### III. CONCLUSION

For the foregoing reasons, Oliverez-Jiminez's § 2255 Motion (ECF No. 918) will be denied. The action will be dismissed. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Oliverez-Jiminez and counsel of record.

It is so ORDERED.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: April 18, 2016
Richmond, Virginia