IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. Action No. 3:10-cr-308–HEH-11 |
| | ) | |
| EDY OLIVEREZ-JIMINEZ, | ) | Civil Action No. _____ |
| | ) | |
| Petitioner. | ) | |

### MEMORANDUM OPINION
(Dismissing Successive 28 U.S.C. § 2255 Motion)

By Memorandum Opinion and Order entered on April 18, 2016, the Court denied a 28 U.S.C. § 2255 motion filed by Petitioner. (ECF Nos. 936, 937.) On November 4, 2024, the Court received a "Motion for Review 'Writ of Error' Multiplicity, Venue, Personal Jurisdiction" from Petitioner. ("Motion for Review," ECF No. 961.) For the reasons stated herein, Petitioner's Motion for Review is a successive, unauthorized § 2255 motion, which must be dismissed for lack of jurisdiction.

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the

applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)).

Petitioner's Motion for Review challenges his conviction and sentence and falls within the scope of 28 U.S.C. § 2255(a). *See United States v. Sessoms*, 488 F. App'x 737, 738 (4th Cir. 2012) (construing petition filed under 28 U.S.C. § 1651(a) as a successive § 2255 motion). The Court has not received authorization from the Fourth Circuit to hear Petitioner's successive § 2255 Motion. Accordingly, the Clerk will be directed to file the present action as unauthorized successive motions under 28 U.S.C. § 2255. The action will be dismissed for want of jurisdiction.

Petitioner also filed a Motion for Appointment of Counsel. (ECF No. 962.) There is no constitutional right to have appointed counsel in post-conviction proceedings.

2

*Mackall v. Angelone*, 131 F.3d 442, 449 (4th Cir. 1997). The Court, however, may appoint counsel to a financially eligible person if justice so requires. *See* 18 U.S.C. § 3006A(a)(2)(B). For example, appointment of counsel for an indigent petitioner is appropriate in a 28 U.S.C. § 2255 action when necessary for utilization of discovery procedures or when an evidentiary hearing is required. *See* Rules Governing Section 2255 Proceedings for the U.S. District Courts, Rules 6(a) and 8(c). Upon review of Petitioner's motion, the Court concludes that the issues in this matter are not complex, and the interests of justice do not require the appointment of counsel at this juncture. Accordingly, the motion for appointment of counsel (ECF No. 962) will be DENIED WITHOUT PREJUDICE.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Petitioner has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order will follow.

                                                             /s/
                                           Henry E. Hudson
Date: Dec. 10, 2024               Senior United States District Judge
Richmond, Virginia