IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal Action No. 3:10-cr-308–HEH-11 |
| ) | |
| EDY OLIVEREZ-JIMINEZ, ) | |
| ) | |
| Petitioner. ) | |

**MEMORANDUM OPINION**
**(Denying Rule 59(e) Motion)**

By Memorandum Opinion and Order entered on April 18, 2016, the Court denied a 28 U.S.C. § 2255 motion filed by Petitioner Edy Oliverez-Jiminez ("Petitioner"). (ECF Nos. 936, 937.) On November 4, 2024, the Court received a "Motion for Review 'Writ of Error' Multiplicity, Venue, Personal Jurisdiction" from Petitioner. ("Motion for Review," ECF No. 961.) By Memorandum Opinion and Order entered on December 10, 2024, the Court denied the Motion for Review as a successive, unauthorized § 2255 motion, which was dismissed for lack of jurisdiction. (ECF Nos. 963, 964.)

On December 27, 2024, the Court received a Motion for Reconsideration purportedly pursuant to "60(b)(1) mistake to correct provision." (ECF No. 965.) However, because Petitioner's submission was received within twenty-eight days after the entry of the December 10, 2024 Memorandum Opinion and Order, the Court will construe this submission as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (holding that a filing made within the requisite Rule 59(e) time

frame shall be construed as a Rule 59(e) motion (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three (3) grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Petitioner does not explicitly address any of the above recognized grounds for relief in his Rule 59(e) Motion. However, the Court construes Petitioner to argue that the Court should grant his Rule 59(e) Motion "to correct a clear error of law or prevent manifest injustice." *Id.*

At most, Petitioner "ask[s the Court] to review prior submission of multiplicity, venue, and personal jurisdiction . . . for fairness and the protection of public integrity." (ECF No. 965, at 1–2 (punctuation corrected).) Petitioner fails to demonstrate that the Court committed a clear error of law or that relief under Rule 59(e) is necessary to prevent a manifest injustice. Accordingly, the Rule 59(e) Motion (ECF No. 965) will be DENIED.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA

will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Petitioner has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order will follow.

/s/
Henry E. Hudson
Senior United States District Judge

Date: May 1, 2025
Richmond, Virginia